UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. SA-12-CV-1191-FB |
| | ) | |
| $16,266.14 IN FUNDS SEIZED FROM | ) | |
| JPMORGAN CHASE BANK ACCOUNT | ) | |
| #XXXXX2001, | ) | |
| | ) | |
| Respondent. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules Admiralty or Maritime Claims and Asset Forfeiture Actions, of the Federal Rules of Civil Procedure, and respectfully states as follows:

## I.
## NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the property described below:

**$16,266.14 in Funds Seized From JPMorgan Chase Bank Account #XXXXX2001,**

hereinafter the Respondent Property.

## II.
## STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Property for violations of Title 18 U.S.C. §§ 1347, 371, and 669, and subject to forfeiture to the United States pursuant to Title 18 U.S.C. § 981(a)(1)(C), which states:

**18 U.S.C. § 981.   Civil forfeiture**
   **(a)(1)** The following property is subject to forfeiture to the United States:
   . . . .
      **(C)**   Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

## III.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a) the Court has jurisdiction over an action for forfeiture.   This Court has *in rem* jurisdiction over the Respondent Property under Title 28 U.S.C. §§ 1355(b) and 1395.   Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. § 1355(b)(1)(B) and 1395(b), because the Respondent Property is found in this District.

The Respondent Property was seized in San Antonio, Texas on June 28, 2012, by agents of the Federal Bureau of Investigation (FBI).   The Respondent Property has remained in the custody of the United States Marshals Service, within the jurisdiction of the United States District Court, Western District of Texas, San Antonio Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## IV.
## FACTS IN SUPPORT OF FORFEITURE

On September 19, 2012, an Indictment was returned against Michael Wayne Farris (Farris), Sherry June Trouten (Trouten), and Andey Dale Gray (Gray) in the Western District of Texas, San Antonio Division, under Criminal Case No. SA-12-CR-885-FB for violations of Title 18 U.S.C. §§ 1347, 1349, 669, 2, and 1035, Health Care Fraud; Conspiracy, Aiding and Abetting;

2

Theft and Embezzlement in Connection with Health Care Fraud; and False Statements Related to Health Care Matters.   The facts and evidence gathered during the investigation of said criminal prosecution form the basis for the instant civil forfeiture action.

Medina Valley Emergency Medical Services (MVEMS) is a non-profit ambulance service provider operating in Medina County, Texas.   Since 1977, MVEMS has been an approved Medicare and Medicaid ambulance service provider operating in Medina County, Texas.   As an authorized Medicare and Medicaid provider, MVEMS was issued a separate provider number by both Medicare and Medicaid in 1977 that MVEMS utilized when it billed Medicare and Medicaid for services provided.   Tejas Ambulance Services (Tejas) was a for-profit company formed in January 2011 that also provided ambulance services in Medina County, Texas.   From January 2011 to October 18, 2011, Tejas was not an authorized Medicare provider, and, thus, had no Medicare provider number.   Tejas did not receive its Medicare approval until October 19, 2011. From January 2011 to May 10, 2012, Tejas was not an authorized Medicaid provider either, and, thus, had no Medcaid provider number.   Tejas did not receive its Medicaid approval until May 11, 2012.

Starting in March 2011, Farris, while simultaneously working for MVEMS as the administrator and for Tejas as the director, redirected a number of nonemergency ambulance calls intended for MVEMS to Tejas.   Tejas would provide the ambulance services but could not bill Medicare for reimbursement for the services since it was not an authorized Medicare provider. Instead, Farris turned to Crown Billing, Inc. (Crown Billing) owned by Gray to process the claims through Medicare.   Farris and Gray, who were aware of Tejas' non-authorized status, agreed to bill Medicare for the Tejas ambulance calls using the authorized Medicare provider number

3

assigned to MVEMS, fraudulently representing to Medicare that MVEMS had actually provided the ambulance services.  Both Farris and Gray knew that an authorized provider, in this case MVEMS, is prohibited from selling its Medicare billing number or privileges to another provider or allowing another provider to use its billing number.  Farris and Gray continued to bill Medicare using MVEMS's provider number for services actually performed by Tejas until approximately December 2011.

The investigation has revealed that prior to November 28, 2011, MVEMS billed Medicare $402,665.00 and was paid $379,288.00 for ambulance services actually provided by Tejas.  As these claims were paid by Medicare to MVEMS, Farris would issue checks from MVEMS to Tejas.  During 2011, MVEMS paid out to Tejas $379,288.00.  In 2011, Crown Billing billed MVEMS and was paid $29,977.54 by MVEMS as compensation for submitting the Tejas claims to Medicare by using the MVEMS provider number.  These MVEMS payments (checks) to Crown Billing were deposited into Crown Billing's JPMorgan Chase Bank Account #XXXXX2001.  On June 28, 2012, the Respondent Property was seized from Crown Billing's JPMorgan Chase Bank Account #XXXXX2001, pursuant to a federal seizure warrant (SA-12-636M).

Crown Billing unlawfully received reimbursement from MVEMS for submitting false claims to Medicare on behalf of Tejas, for which Tejas and MVEMS were not authorized to receive Medicare reimbursement.  Therefore, the Respondent Property is subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) because it represents proceeds derived from a specified unlawful activity, specifically in violation of Title 18 U.S.C. §§ 1347, 371, and 669.

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to

enforce the forfeiture of the Respondent Property, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that a warrant for an arrest in rem be ordered, that the Respondent Property be forfeited to the United States of America, that the Respondent Property be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

ROBERT PITMAN
United States Attorney

By:

Diana Cruz-Zapata
Assistant United States Attorney
Chief, Asset Forfeiture Division
601 N.W. Loop 410, Suite 600
San Antonio Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Texas State Bar No. 05196800

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

## VERIFICATION

Special Agent Justin Goodrich declares and says that:

1.      I am a Special Agent with the Federal Bureau of Investigation, assigned to the San Antonio District Office, and am the investigator responsible for the accuracy of the information provided in this litigation.

2.      I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____11_____ day of December, 2012.

Justin Goodrich, Special Agent
Federal Bureau of Investigation
San Antonio District Office

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. SA-12-CV-1191-FB** |
| | ) | |
| **$16,266.14 IN FUNDS SEIZED FROM** | ) | |
| **JPMORGAN CHASE BANK ACCOUNT** | ) | |
| **#XXXXX2001,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## NOTICE OF COMPLAINT FOR FORFEITURE

1.      On _____, 2012, a Verified Complaint for Forfeiture *in rem* was filed in this Court by the United States Attorney for the Western District of Texas and Assistant United States Attorney Diana Cruz-Zapata, against the below described property, which is also specifically described in the Verified Complaint for Forfeiture, for violations of Title 18 U.S.C. §§ 1347, 371, and 669, and subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C), namely:

   **$16,266.14 in Funds Seized From JPMorgan Chase Bank Account #XXXXX2001,**

hereinafter the Respondent Property.

2.      Pursuant to Supplemental Rule G(4)(b), notice to any person who reasonably appears to be a potential claimant shall be by direct notice.   Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Property.   Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Respondent Property who has received direct notice of this forfeiture action must file a Claim, in compliance with Rule G(5)(a), with the court within **thirty-five (35) days after the notice was**

sent, **if delivered by mail (if mailed, the date sent is provided below), or within 35 days of the**

**date of delivery, if notice was personally served.**   An Answer or motion under Rule 12 of the

Federal Rules of Civil Procedure must then be filed within **twenty-one (21)** days of the Claim

being filed.

The Claim and Answer must be filed with the Clerk of the Court, 655 East Cesar E. Chavez

Blvd. Room, G65, San Antonio, Texas 78216, and copies of each must be served upon Assistant

United States Attorney Diana Cruz-Zapata, 601 N.W. Loop 410, Suite 600, San Antonio, Texas

78216, or default and forfeiture will be ordered.   *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule

G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Failure to follow the requirements set forth above will result in a judgment by default taken

against you for the relief demanded in the complaint.

**DATE NOTICE SENT:**_____

Respectfully submitted,
ROBERT PITMAN
United States Attorney

By: _____

Diana Cruz-Zapata
Assistant United States Attorney
Chief, Asset Forfeiture Division
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Texas State Bar No. 05196800

2

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. SA-12-CV-1191-FB |
| | ) | |
| $16,266.14 IN FUNDS SEIZED FROM | ) | |
| JPMORGAN CHASE BANK ACCOUNT | ) | |
| #XXXXX2001, | ) | |
| | ) | |
| Respondent. | ) | |

### WARRANT FOR THE ARREST OF PROPERTY

TO THE UNITED STATES MARSHALS SERVICE OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on _____, 2012 against the following property: $16,266.14 in Funds Seized From JPMorgan Chase Bank Account #XXXXX2001, hereinafter the Respondent Property, alleging that the Respondent Property is subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C) for violations of Title 18 U.S.C. § 1347, 371, and 669, and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for The Arrest of Property be issued as prayed for by Petitioner United States of America,

YOU ARE THEREFORE COMMANDED to arrest the Respondent Property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the Respondent Property is presently found, and to use whatever means may be appropriate to protect and maintain the Respondent Property in your custody until further order of this Court,

including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Property and to make a return as provided by law.

SIGNED this _____ day of _____, 2012.

WILLIAM G. PUTNICKI
United States District Clerk
Western District of Texas


By:    _____
       Deputy

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. SA-12-CV-1191-FB |
| | ) | |
| $16,266.14 IN FUNDS SEIZED FROM | ) | |
| JPMORGAN CHASE BANK ACCOUNT | ) | |
| #XXXXX2001, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER FOR WARRANT OF THE ARREST OF PROPERTY

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on _____,

2012 against the following property: $16,266.14 in Funds Seized From JPMorgan Chase Bank

Account #XXXXX2001, hereinafter the Respondent Property, alleging that the Respondent

Property is subject to forfeiture to the United States of America pursuant to Title 18 U.S.C.

§981(a)(1)(C) for violations of Title 18 U.S.C. § 1347, 371, and 669; IT IS THEREFORE

ORDERED that a Warrant for The Arrest of Property issue as prayed for, and that the

United States Marshals Service for the Western District of Texas, or any other law enforcement

officer, or any other person or organization authorized by law to enforce the warrant, be

commanded to arrest the Respondent Property and take it into possession for safe custody as

provided by Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, of the Federal Rules of Civil Procedure until further order of the Court, and to use

whatever means may be appropriate to protect and maintain the Respondent Property while in

custody, including designating a substitute custodian or representative for the purposes of

maintaining the care and custody of the Respondent Property and to make a return as provided by

law.


SIGNED this _____ day of _____, 2012


_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE


2